This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41264

**RICHARD K. HILL,**

Petitioner-Appellant,

v.

**MERCEDE L. HILL,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler Gray, District Court Judge**

Eric D. Dixon, Attorney and Counselor at Law, P.A.
Eric D. Dixon
Portales, NM

for Appellant

Grandjean Law Firm, LLC
Jeff Grandjean
Roswell, NM

for Appellee

### MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** Petitioner is appealing from an order granting a motion to set aside a judgment that had approved Respondent's voluntary relinquishment of her parental rights. [RP 84] We issued a calendar notice proposing to affirm. Petitioner has responded with a memorandum in opposition. We affirm.

**{2}** The parties were divorced in December 2020, and were subject to a marital settlement agreement that gave them joint custody of their young child. [RP 24] In

September 2021, Petitioner's counsel entered an appearance and filed a request for a hearing to consider Respondent's voluntary relinquishment of her rights. [RP 43] The request for a hearing was not accompanied by any written motion or documentation that specified any statutory basis for the voluntary relinquishment. After the hearing, the district court approved the voluntary relinquishment of Respondent's parental rights after finding that she had been fully advised of her rights and had waived counsel. [RP 48] Eight months later, Respondent filed a motion to set aside the relinquishment order on the ground that no statutory basis had been satisfied. [RP 55] The district court granted Respondent's motion, and set aside its earlier ruling because it was not based on either one of the two statutory grounds available to support voluntary termination of parental rights. [RP 84] *See* Rule 1-060(B)(4) NMRA.

{3}     As we observed in our calendar notice, we are aware of only two statutes that authorize the voluntary relinquishment of parental rights: the Adoption Act, NMSA 1978, §§ 32A-5-1 to -45 (1993, as amended through 2022), and the Abuse and Neglect Act, NMSA 1978, §§ 32A-4-1 to -35 (1993, as amended through 2023). Petitioner argues that Respondent waived her statutory argument by failing to specify which specific statutory provisions had not been satisfied. [MIO 6] However, Respondent raised the statutory issue, and alerted the district court to the lack of any compliance. [RP 55]

{4}     Petitioner does not establish that a specific statutory ground for termination was satisfied in this case. *See In re Adoption Petition of Darla D.*, 2016-NMCA-093, ¶¶ 14-15, 382 P.3d 1000 (noting that strict statutory compliance under the Adoption Act is required). Although Petitioner notes that *Darla D.* addressed the right to counsel, and Respondent waived this right in the present case, the strict compliance standard for either statutory process for terminating parental rights must be followed. [MIO 5] *State ex rel. Child., Youth & Fams. Dep't v. Paul P., Jr.*, 1999-NMCA-077, ¶ 15, 127 N.M. 492, 983 P.2d 1011 (noting that statutory provisions relating to termination of parental rights are intended to protect the fundamental rights of parents).

{5}     In this case, neither a formal adoption proceeding nor an Abuse and Neglect Act proceeding had been initiated. Instead, Petitioner treated this as a modification of child custody, with Respondent not just giving up her custody, but relinquishing her parental rights. Because this does not satisfy the statutory requirements, we conclude that the earlier district court judgment ruling was properly deemed to be void. *See State ex rel. State Highway & Transp. Dep't v. City of Sunland Park*, 1999-NMCA-143, ¶ 27, 128 N.M. 371, 993 P.2d 85 (setting aside an order on grounds that it was not carried out in compliance with the governing statutes).

{6}     For the reasons set forth above, we affirm.

{7}     **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**JANE B. YOHALEM, Judge**